# STATE OF MICHIGAN

# COURT OF APPEALS

---

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

HECTOR GEMBE, a/k/a ARTURO MARTINEZ,

      Defendant-Appellant.

UNPUBLISHED
November 18, 2014

No. 316911
Calhoun Circuit Court
LC No. 2012-003305-FC

---

Before: METER, P.J., and WHITBECK and RIORDAN, JJ.

WHITBECK, J. (*concurring in part and dissenting in part*).

I concur in the majority's conclusions regarding the testimony of the complainant's beliefs about murder, the effectiveness of Gembe's counsel, Gembe's prosecutorial misconduct issues, and the trial court's assessment of 15 points under offense variable 8. However, I dissent from the majority's conclusion regarding the trial court's departure from the sentencing guidelines. I would vacate Gembe's sentence and remand for the trial court to articulate a justification for the proportionality of its departure.

A trial court's departure from the sentencing range that the statutory guidelines recommend must be proportionate to the defendant's conduct and criminal history.[1] "[T]he statutory guidelines require more than an articulation of reasons for *a* departure; they require justification for the *particular* departure made."[2] The trial court must justify the particular departure it makes by explaining "why the sentence imposed is more proportionate than a sentence within the guidelines recommendation would have been."[3]

Here, the trial court found extensive substantial and compelling reasons to justify departing from the sentencing guidelines. However, the trial court did not articulate the reason why its departure from the sentencing guidelines recommendation by approximately 5 1/2 years

---

[1] *People v Smith*, 482 Mich 292, 303; 754 NW2d 284 (2008).

[2] *Id*.

[3] *Id*. at 304.

was more proportional to Gembe's offense than the recommended sentence. The statutory guidelines required the trial court to justify the proportionality of its particular departure, but it failed to do so.

Accordingly, I would vacate Gembe's sentence and remand for resentencing. In all other respects, I concur in the majority's opinion.

/s/ William C. Whitbeck